IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**KAREN LYNN MOONEY**,

  **Plaintiff**,

v.              **CASE NO. 2:09-cv-01162**

**MICHAEL J. ASTRUE**,
**Commissioner of Social Security**,

  **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

  This is an action seeking review of the final decision of the Commissioner of Social Security denying the Claimant's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).

  Plaintiff, Karen Lynn Mooney (hereinafter referred to as "Claimant"), protectively filed an application for SSI on March 15, 2006, alleging disability as of June 30, 1991, due to neuropathy in her legs, arms and hands, high blood pressure, back problems, nerves, diabetes and fibromyalgia. (Tr. at 14, 190, 200, 240.) The claim was denied initially and upon reconsideration. (Tr. at 79-81, 89-91.) Claimant requested a hearing before an

Administrative Law Judge ("ALJ").  (Tr. at 76.)  The hearing was held on July 24, 2008, before the Honorable James P. Toschi.  (Tr. at 26-43.)  By decision dated September 23, 2008, the ALJ determined that Claimant was not entitled to benefits.  (Tr. at 14-25.)  The ALJ's decision became the final decision of the Commissioner on August 24, 2009, when the Appeals Council denied Claimant's request for review.  (Tr. at 4-7.)  On October 22, 2009, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability.  See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 1382c(a)(3)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. § 416.920 (2008).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  Id. § 416.920(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  Id. § 416.920(b).  If the claimant is not, the second inquiry is whether claimant suffers

from a severe impairment.  Id. § 416.920(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  Id. § 416.920(d). If it does, the claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  Id. § 416.920(e).  By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 416.920(f) (2008).  The Commissioner must show two things:  (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy.  McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date. (Tr. at

16.)  Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of diabetes mellitus, lumbar disc disease, fibromyalgia, major depressive disorder and generalized anxiety disorder.  (Tr. at 16.)  At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1.  (Tr. at 17.)  The ALJ then found that Claimant has a residual functional capacity for light work, reduced by nonexertional limitations.  (Tr. at 19.)  As a result, Claimant has no past relevant work.  (Tr. at 24.)  Nevertheless, the ALJ concluded that Claimant could perform jobs such as hand packer, assembler and laundry worker, which exist in significant numbers in the national economy.  (Tr. at 24.)  On this basis, benefits were denied.  (Tr. at 25.)

<u>Scope of Review</u>

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.  In <u>Blalock v. Richardson</u>, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

<u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting <u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966)).

Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."  Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

Claimant's Background

Claimant was forty-three years old at the time of the administrative hearing. (Tr. at 29.)  Claimant graduated from high school.  (Tr. at 30.)  Claimant worked in the past, but not long enough to be considered past relevant work.  (Tr. at 39.)

The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record.  Claimant does not challenge the medical evidence of record, except for the ALJ's treatment of the opinion of Todd Berry, D.O., which the court will address below.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because the ALJ afforded "significant weight" to the opinion of Dr. Berry, who opined that Claimant had manipulative limitations, but did not include them in

his residual functional capacity finding, thereby apparently rejecting the opinion without explanation. In addition, Claimant complains that the ALJ erred in failing to adopt the hypothetical question that included manipulative limitations (and eliminated all jobs that Claimant could perform). (Pl.'s Br. at 2-5.)

The Commissioner argues that substantial evidence supports the ALJ's finding that Claimant could perform alternative light work. The Commissioner contends that the ALJ did not reject the opinion of Dr. Berry and instead, actually found a more restrictive residual functional capacity than Dr. Berry. The Commissioner further asserts that the ALJ did not err in leaving out manipulative limitations from the residual functional capacity because Claimant never proved that she had manipulative limitations that would preclude the performance of unskilled light occupations identified by the vocational expert. (Def.'s Br. at 4-8.)

In his decision, the ALJ found that Claimant has the severe impairments of diabetes mellitus, lumbar disc disease, fibromyalgia, major depressive disorder and generalized anxiety disorder. (Tr. at 16.) As for objective medical evidence related to any hand impairment, a neurodiagnostic report dated November 15, 2004, revealed mild peripheral neuropathy most likely due to diabetes, but there was no obvious evidence of carpal tunnel syndrome. (Tr. at 513.) At the administrative hearing, Claimant testified that she had "neuropathy in my ... hands ... they swell

up .. I can't do a whole lot with my arms and hands" because of the neuropathy.  (Tr. at 32.)

Todd Berry, D.O., Claimant's treating physician, completed a Medical Assessment of Ability to do Work-Related Activities (Physical) on January 3, 2007, and opined that Claimant's ability to lift and carry were not affected by her impairments, that she could stand/walk a total of eight hours in an eight-hour workday, four without interruption, that sitting was not interrupted, that Claimant could frequently climb, balance, stoop, crouch, kneel and crawl, that she had no environmental restrictions, that she had manipulative limitations in feeling (skin receptors), but that she was unlimited in reaching in all directions, handling (gross manipulation) and fingering (fine manipulation).  When asked to expound on the manipulative limitations found to be limited (feeling), Dr. Berry checked boxes indicating that Claimant could occasionally[1] handle, finger and feel.  (Tr. at 463-64.)  Dr. Berry wrote that Claimant "needed to check her blood sugar frequently and may need to have extra time to manage her blood glucose levels.  The patient may also have difficulty with finger/hand movements requiring fine precision."  (Tr. at 465.)

In his decision, the ALJ made the following finding about the Dr. Berry's opinion:

---

[1]  In an earlier section of the Assessment, "occasionally" is defined as "from very little up to 1/3 of an 8 hour day."  (Tr. at 464.)

> On January 3, 2007, Todd Berry, D.O., the claimant's treating physician, completed a Medical Assessment of Ability to do Work-Related Activities (physical) and concluded that the claimant was not limited with lifting and/or carrying. She could stand and/or walk eight hours in an eight-hour workday and four hours without interruption. She was not limited with sitting. She did not have any limitations with posturals and environmental restrictions. She could occasionally reach, handle, finger, and feel. She did not have any limitations with seeing, hearing, and speaking .... Significant weight is given to this opinion as it is consistent with the evidence of record.

(Tr. at 22.)

The ALJ made the following residual functional capacity finding:

> [C]laimant has the residual functional capacity to perform light work .... She would be limited to occasionally (two hours or 1/3 of the workday) climbing, balancing, stooping, kneeling, crouching, and crawling. She should avoid concentrated exposure to extreme cold, humidity, vibration, fumes, odors, hazards including heights and machinery. She would be limited to understanding, remembering, and carrying out simple instruction and tasks only. She would require a low stress, low production requirement with only occasional contact with co-workers and no contact with the public.

(Tr. at 19.)

When the ALJ posed a hypothetical including these limitations to the vocational expert, the vocational expert identified the jobs of hand packer, assembler and laundry worker. (Tr. at 40-41.)

Claimant's counsel posed the following hypothetical question:

> Q *** [I]f an individual had limitations in reaching, hand – or let's just, fingering and feeling, and these were limited to less than six hours in an eight-hour workday, would there be jobs?
>
> A They're going to have to have at least average use of

>   their hands for the majority of all jobs.  So six hours
>   would not comply with the eight-hour work-day.

(Tr. at 42.)

The court proposes that the presiding District Judge find that the ALJ's decision is not supported by substantial evidence because the ALJ failed to correctly acknowledge and weigh the manipulative limitations in Dr. Berry's opinion or to explain why he did not adopt the hypothetical question posed by Claimant's counsel that included limitations in fingering and feeling.

The ALJ found that Dr. Berry opined that Claimant could occasionally reach, handle, finger and feel and that he afforded this and his other opinions "[s]ignificant weight ..."  (Tr. at 22.)  In fact, Dr. Berry found that Claimant was limited only in feeling and that, as a result, she could only occasionally handle, finger and feel.  Dr. Berry makes no mention of any limitation in Claimant's ability to reach, as the ALJ found.  Furthermore, Dr. Berry found Claimant's ability to finger and handle to be unlimited, but then found that Claimant could only occasionally perform these functions.  As noted above, the Assessment defines occasionally as "from very little up to 1/3 of an 8 hour day." (Tr. at 465.)  Dr. Berry later states that Claimant "may also have difficulty with finger/hand movements requiring fine precision." (Tr. at 465.)  The ALJ's decision omits and/or does not correctly state Dr. Berry's somewhat confusing opinion in its entirety, yet the ALJ purports to afford significant weight to the opinion.  This

becomes problematic in light of the hypothetical question posed by Claimant's counsel that the ALJ also failed to address in his decision.

At the administrative hearing, the vocational expert testified that an individual who was limited to fingering and feeling "less than six hours in an eight-hour workday" could not work. (Tr. at 42.) The vocational expert testified that "[t]hey're going to have to have at least average use of their hands for the majority of all jobs. So six hours would not comply with the eight-hour workday." (Tr. at 42.) The manipulative limitations in the hypothetical question posed to the vocational expert by Claimant's counsel are less restrictive than the manipulative limitations opined by Dr. Berry. At a minimum, the ALJ should have explained his reasons for not adopting the hypothetical question posed by Claimant's counsel, particularly when it contained limitations similar to, if not less restrictive than, limitations posed by Dr. Berry, whose opinion he purportedly adopted.

The ALJ must accompany his decision with sufficient explanation to allow a reviewing court to determine whether the Commissioner's decision is supported by substantial evidence. "[T]he [Commissioner] is required by both the Social Security Act, 42 U.S.C. § 405(b), and the Administrative Procedure Act, 5 U.S.C. § 557(c), to include in the text of [his] decision a statement of the reasons for that decision." Cook v. Heckler, 783 F.2d 1168,

1172 (4th Cir. 1986). The ALJ's "decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge . . . ." Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985). In the instant matter, such explanation is lacking and, as a result, the court is constrained to recommend remand.

The court has considered the Commissioner's argument that the jobs identified by the vocational expert

> especially inspector/packer and laundry [worker] do not appear to require precision finger movements, but rather only gross manipulation, which Dr. Berry stated was "unlimited" (Tr. 464.) As the vocational expert stated, most jobs (and the identified jobs), require "at least average" ability to use the hands (Tr. 42).

(Def.'s Br. at 7.)

The vocational expert did not explicitly state that the identified jobs required average use of the hands, he stated that "the majority of all jobs" have to have at least average use of their hands. (Tr. at 42.) In fact, in the Dictionary of Occupational Titles ("DOT"), the jobs of hand packer, assembler and laundry worker contain the following handling, fingering and feeling requirements:

Hand Packer:
    Handling: Constantly -   Exists 2/3 or more of the time
    Fingering: Constantly -  Exists 2/3 or more of the time
    Feeling: Occasionally -  Exists up to 1/3 of the time

Assembler:
    Handling: Frequently -   Exists 1/3 to 2/3 of the time

11

```
        Fingering: Frequently -  Exists 1/3 to 2/3 of the time
        Feeling: Not Present -   Activity or condition does not
                                 exist
Laundry Worker:
        Handling: Frequently -   Exists 1/3 to 2/3 of the time
        Fingering: Occasionally - Exists up to 1/3 of the time
        Feeling: Not Present -   Activity or condition does not
                                 exist
```

U.S. Department of Labor, Dictionary of Occupational Titles, 784.687-042, 706.687-010, 361.687-030 (4th ed. 1991).

Clearly, if the ALJ had adopted Dr. Berry's opinion about the limitations in Claimant's ability to handle, finger and feel as occasional, i.e., from very little up to 1/3 of an eight-hour day, Claimant likely could not have performed these jobs. However, what is puzzling about the decision is that Claimant's counsel actually posed a less restrictive hypothetical question, that Claimant could only finger and feel less than six hours in an eight-hour workday. In response, the vocational expert could identify no jobs. Presumably with even more stringent limitations as opined by Dr. Berry, Claimant also could not perform the jobs identified, particularly given their description in the DOT. Against this confusing backdrop, the court sees no option but to recommend remand for clarification and further consideration of this issue.

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge REVERSE the final decision of the Commissioner, and REMAND this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g)

12

and DISMISS this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

<table>
<tr><td>October 29, 2010<br>Date</td><td>/s/ Mary E. Stanley<br>Mary E. Stanley<br>United States Magistrate Judge</td></tr>
</table>